Filed: 2/16/2026 11:02 AM
Michael Gould
District Clerk
Collin County, Texas
By Selene Hernandez Deputy
Envelope ID: 111290822

199-01008-2026

Cause No. _____

| | | |
|---|---|---|
| LEGACY BROKERAGE, INC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | COLLIN COUNTY, TEXAS |
| | § | |
| NATIONSTAR MORTGAGE, LLC | § | |
| | § | |
| Defendant | § | ___ JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

### I

### RUILE 47 STATEMENT

This suit seeks only nonmonetary relief.

### II

### DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 2, Tex.R.Civ.Pro. Rule 190.

### III

### PARTIES

Plaintiff is  LEGACY BROKERAGE, INC, a Texas Corporation.

Defendant is Nationstar Mortgage, LLC, which may be served with process by service upon

its registered agent: CSC Corporation Services, Austin Texas, 211 E. 7th Street, Suite 620,

Austin, Tx., 78701.

### IV VENUE

Venue is mandatory in this County because this suit concerns title to real estate located

herein.

V

CONDITIONS PRECEDENT

Plaintiff pleads, pursuant to Rule 54, Tex.R.Civ.Pro., that all conditions precedent to its

right to recover have occurred.

VI

FACTS

1.  This suit concerns that house and lot located at 9920 Thomas Jefferson Drive, McKinney,

    Texas, 75070, and more particularly described as Lot 22, Block K, Eagles Nest at

    Westridge, Phase 4, an Addition to the City of McKinney, Collin County, Texas, according

    to the Map Records recorded in Volume P, Page 682 Map Records of Collin County,

    Texas..

2.  Plaintiff acquired the property  at an HOA lien sale on September  2, 2025, recording its

    deed as Instrument No. 2025000114731.

3.  Plaintiff's predecessors in interest are Elda Estrella and David Gonzalez, , who took title

    on or about October 22,2009, recording their deed as Instrument No.20091030001330170 ,

    Deed records of Collin County, Texas.  At that time they executed a deed of trust in favor

    of  Mortgage Electronic Registration Systems, as nominee for Defendant  recording same

    as Instrument No. 20091030001330180.

4.  MERS then assigned the deed of trust to Wells Fargo Bank, N.A., on February 9, 2015,

    recording the assignment as Instrument No. 20150209000136700.

5.  Wells Fargo then assigned the deed  of trust back to Defendant on December4, 2025,

    recording the assignent as Instrument No. 2025000166767.

6. The public record reflects that the loan has been in default for several years. The predecessors in interest were delinquent in their home owners dues and assessments as is reflected in Cause No.  429-03287-2015.

7. Upon information and belief, Plaintiff alleges that the underlying mortgage note was accelerated more than four years before the filing of suit. Plaintiff pleads that a reasonable inference is that if the predecessors were delinquent in their HOA assessments they were delinquent in their mortgage payments.

8. Pleading further, Plaintiff is the owner of the equity of redemption.

9. In the event that Defendant can demonstrate its ownership of the Note and Deed of Trust, Plaintiff wishes to exercise its right of equitable redemption.

10. Plaintiff is ready, willing and able to pay off any senior indebtedness.

VII

CAUSES OF ACTION

A

QUIET TITLE.

1. Plaintiff refers to and incorporates by this reference each allegation above.

2. The deed of trust appears to be a valid, subsisting lien encumbering the property.

3. In fact, said deed of trust is a cloud on title and is unenforceable.

4. The presence of said cloud has prevented Plaintiff from the full use and enjoyment of the property.

5. Plaintiff prays that the Court remove said lien and declare that the deed of trust is unenforceable.

6.

B

EQUITY OF REDEMPTION

1. Plaintiff refers to and incorporates by this reference each allegation above.

2. Plaintiff owns the equity of redemption.

3. In the event that the Court finds that the said deed of trust is enforceable, Plaintiff seeks to exercise its right to equitable redemption.

4. Plaintiff has been and is ready, willing and able to discharge any senior indebtedness.

5. Plaintiff prays that the Court Decree that Defendant provide to Plaintiff such information as is necessary in order for it to discharge any senior encumbrance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear herein, and that upon the final trial of this case Plaintiff be granted the relief prayed for, for costs of court, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Kenneth S. Harter
 Kenneth S. Harter
State Bar ID: 09155300

Law Offices of Kenneth S. Harter
6160 Warren Pkwy Suite 100
Frisco, Tx. 75034
(972) 752-1928
Fax (214) 206-1491
ken@kenharter.com
Attorneys for Legacy Brokerage, Inc.